HEARD APRIL TERM, 1875.

TROTTER *vs.* ROBINSON.

A brief for the Supreme Court is defective if it does not contain a general or specific statement, as the case may require, of the nature of the issue to which the judgment or ruling complained of relates.

The reasons for the rule stated fully.

BEFORE ORR, J., AT PICKENS, NOVEMBER TERM, 1873.

This was an action by Susan Trotter, plaintiff, against W. W. Robinson, defendant, to recover the possession of real estate. The plaintiff was the appellant.

The brief prepared for this Court contained an agreed statement of facts, the grounds of appeal and a copy of a power of attorney referred to in the statement of facts, but nowhere was it stated in the brief what was the nature of the issue submitted to the jury.

*Earle & Blythe,* for appellants.

*McBee & Holcombe,* contra.

The case was remanded to the Circuit Court with leave to the parties to make and settle a case and exceptions.

December 22, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The brief in this case is defective in not showing the nature of the issue submitted to the jury.

There are two specific reasons why a brief or statement of facts prepared as the ground of asking relief from this Court on appeal should contain either a general or specific statement, as the case may require, of the nature of the issue to which the judgment or ruling complained of relates. One of these reasons arises out of the conditional grant to this Court of larger powers in the case of issues of a particular class than of other issues. If the issue is one that prior to the Constitution of 1868 would appropriately have arisen in "cases of chancery," we are authorized by the Constitution to consider errors committed in the determination of matters of fact as well as errors of law affecting the judgment growing out of it, or in a ruling or decision bearing on it. The nature of our jurisdiction in such cases was examined by us in *Sullivan vs. Thomas,* 3 S. C., 544. As to issues arising in actions at law, as contradistin-

guished from " cases in chancery," our authority is limited to the correction of errors at law, and we are excluded from examining the correctness of the determination of the questions of fact involved in such issues.

It is obvious, therefore, that, in order to define the limit of our authority in each particular case, the general nature of the issue should appear in the brief or statement of facts submitted.

The other specific reason arises out of the rule that governs the exercise of the power of correcting errors at law. That rule demands that two things be made clear by one alleging an error at law : first, that an erroneous decision has been made, and, secondly, that the party complaining of such error was prejudiced thereby as it regards the merits of his case. It is important, therefore, to the appellant, in order to make clear the bearing of the error of law complained of, that not only the general nature of the issue should be disclosed in the papers laid before us, but that the questions of law and fact involved in that issue should be stated to such an extent as to make the bearing of the error complained of upon the substantial merits of the case appear.

The authority granted by the Legislature to parties to come before us upon an agreed statement of the case does not affect the present question. It is not a question of the sufficiency of the statement to satisfy the rules of Court governing the course of procedure, but to warrant the exercise of the power of this Court to set aside a judgment of the Circuit Court.

As the defect in the brief may be the result of excusable inadvertence, an opportunity will be afforded to the appellant to make such application to the Court on the subject as may be deemed requisite.

*Moses*, C. J., and *Wright*, A. J., concurred.